UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**TRACY BROWN, ET AL.**,

    Plaintiff,

v.                                                                    No. 4:24-cv-00902-P

**UNITED AIRLINES INC.**,

    Defendant.

## ORDER

This Order is being sent to all counsel and unrepresented parties who have appeared. If other defendants have not appeared but have been in contact with the plaintiff(s) or their counsel, then counsel (or the plaintiff if proceeding pro se) must contact such defendants and making every effort to ensure their meaningful participation in the conference.

## A. Scheduling Conference

Lead counsel for each party or designee attorney with appropriate authority and any unrepresented party (except for a prisoner litigant proceeding pro se) must confer ("Scheduling Conference") in an in-person, face-to-face conference as soon as practicable to (1) consider the nature and bases for their claims and defenses, (2) assess the possibilities for a prompt resolution of the case, (3) make or arrange for the disclosures required by Federal Rule of Civil Procedure 26(a)(1), and (4) prepare the joint report described below. As a result of the Scheduling Conference, counsel must prepare and submit a Report Regarding Contents of Scheduling Order ("Joint Report").

## B. Joint Report

As a result of the Scheduling Conference, counsel must prepare and submit a Report Regarding Contents of Scheduling Order ("Joint Report") by **May 18, 2026**. The Joint Report must include the following

in separately numbered paragraphs (but NOT in a proposed order format):

(1) A statement detailing the date on which the Scheduling Conference was held, the location of the Scheduling Conference, the names of the attorneys present, a statement on whether meaningful progress toward settlement was made, and a statement on the prospect of settlement—without disclosing settlement figures;

(2) A brief statement of the claims and defenses;

(3) A brief statement on whether there is "an obvious factual nexus to the Fort Worth Division," as contemplated in Section I(B) of Judge Pittman's Judge Specific Requirements found on the Northern District of Texas website;

(4) A proposed time limit to amend pleadings and join parties;

(5) A proposed time limit for dispositive motions (*e.g.*, summary judgment);

(6) A proposed time limit for initial designation of experts and responsive designation of experts;

(7) A proposed time limit for objections to experts (*e.g.*, *Daubert* and similar motions);

(8) A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit for completing factual and expert discovery, and a statement of whether discovery should be conducted in phases;

(9) A statement on whether any limitations on discovery need to be imposed, and if so, what limitations;

(10) A statement on how to disclose and conduct discovery on electronically-stored information ("ESI") and any statement on disputes over disclosure and discovery of ESI;

(11) A proposed trial date[1], the estimated number of days for trial, and whether a jury has been demanded;

(12) A proposed mediation deadline;

(13) A statement on when and how disclosures under FED. R. CIV. P. 26(1) were made or will be made;

(14) A statement on whether the parties will consent to a trial (jury or bench) before a United States Magistrate Judge;

(15) Whether a conference with the Court is desired, and if so, a brief explanation why; and

(16) Any other proposals on scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial and other orders that the Court should enter under FED. R. CIV. P. 16(b), 16(c), and 26(c).

(17) Whether the parties have read and agree to abide by the following rules and authorities:

  a. *Dondi Properties Corp. v. Commerce Savings & Loan Assoc.,* 121 F.R.D. 284 (N.D. Tex. 1988);

  b. The Local Civil Rules of the United States District Court for the Northern District of Texas;

  c. The Texas Lawyer's Creed; and

  d. The Texas Rules of Professional Conduct.

The filing of the Joint Report is mandatory. When submitting proposed dates to the Court, the Parties should assume that the Court will enter the Scheduling Order around <u>one month or less</u> from the Parties' Joint Report date. All parties must try to prepare joint suggestions. But if they cannot agree, the Joint Report must reflect their views. In such a case, the Joint Report must set forth with each party's recommendation and a statement of why an agreement could not be

---

[1] Generally, the proposed trial date should be within <u>14 months</u> of the case being filed. But if the Parties seek a further trial date, the Parties must provide a brief explanation on why the complexity of the case warrants additional time and resources of the Court.

reached. The names of any persons named in the case who did not participate in the conference must also be identified in the Joint Report.

Unless Plaintiff(s) is unrepresented, lead counsel for Plaintiff(s) must contact opposing counsel and all unrepresented parties to arrange the Scheduling Conference and prepare the Joint Report. Lead counsel for all parties and unrepresented parties are jointly responsible for ensuring that this Order is complied with in a timely manner. At least one counsel for each party and all unrepresented parties must sign the Joint Report before filing.

## C. Scheduling Order

Under Federal Rule of Civil Procedure 16(b)(2), the Court is to enter a Scheduling Order "as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." FED. R. CIV. P. 16(b)(2). Thus, any request for an extension of time to file the Joint Report will be denied absent a showing of good cause.

Unless a scheduling conference with the Court is set, a Scheduling Order will be issued following the Court's review of the Joint Report. And unless this action is exempted by Federal Rule of Civil Procedure 26(a)(1)(E) or objection to disclosure is asserted at the Scheduling Conference, in good faith, as provided in Rule 26(a)(1)(C), the Parties must make the disclosures described in Federal Rule of Civil Procedure 26(a)(1) within fourteen days of **May 18, 2026**.

## D. Miscellaneous

(1) All briefs filed with the Court must be formatted as follows: Times New Roman, 12-point font, double-spaced text, single-spaced and bolded headings, one-inch margins on all sides, justified, centered page numbers, and single-spaced footnotes. Citations should be in text (not in footnotes), include italicized case names (not underlined) and statutes in small caps, and otherwise comply with the most recent edition of *The Bluebook: A Uniform System of Citation*.

4

(2) Under Federal Rule of Civil Procedure 5 and Local Civil Rule 7.1(b), certificates of service and conference must address all parties, including co-defendants and co-plaintiffs.

(3) Under Local Civil Rules 7.1(i) and 56.6, all documentary and non-documentary evidence submitted in support of or in opposition to a motion must be included in an appendix. As for documentary evidence submitted in an appendix, the Court requires that the proponent of the appendix underline, or for large passages bracket in the margins, the portion of each page of the appendix on which he relies to support his position.

**SO ORDERED** on this **4th day of May 2026.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE